Aaron W. Baker, OSB # 922220
Email: aaron@awbakerlaw.com
Ashley Bannon Moore, OSB # 113219
Email: ashley@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CESAR FERNANDEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **APOLLO MECHANICAL CONTRACTORS, INC.** <br><br> Defendant. | Case No. 3:18-cv-141 <br><br> COMPLAINT <br><br> Unlawful Employment Practices <br><br> (ORS 659A.030; RCW Ch. 49; 42 U.S.C. 1981; ORS 659A.199; Wrongful Discharge in Violation of Public Policy) <br><br> **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Defendant or officers, employees or agents of said Defendant in contravention of his federally protected rights in violation of the 42 U.S.C. 1981, and his state protected rights in violation of Oregon and Washington anti-discrimination laws, ORS 659A.030, ORS 659A.199, and RCW Chapter 49.

CESAR FERNANDEZ COMPLAINT - 1

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district, and on the separate basis that Plaintiff resides in Oregon and Defendant has its Registered Agent is in this judicial district.

**General Factual Allegations**

4.

Defendant was and is at all times herein mentioned a Washington company with its Registered Agent in Portland, Oregon.

5.

Plaintiff was and is a resident of Oregon at all material times herein.

6.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management for Defendant.

7.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial discrimination and racial harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination.

8.

Plaintiff is a Hispanic, Mexican-American male.

9.

Defendant hired Plaintiff on or about July 5, 2016.

10.

In 2016, Plaintiff worked for Defendant in its fabrication shop.  Grant Marboe was Plaintiff's foreman at the time.

11.

Within a few weeks of starting employment with Defendant Marboe began making jokes and insults to and around Plaintiff including but not limited to:

     a.     How is my little wet-back doing?

     b.     What are you doing you greasy fuckin Mexican?

     c.     You are my favorite Mexican.

12.

Plaintiff was shocked at the hostile work environment created by Marboe and was also fearful things may escalate.  Plaintiff requested a transfer and after enduring multiple weeks of harassment by Marboe Plaintiff was sent to a job in Eugene.

13.

Plaintiff returned to the fabrication shop after the Eugene assignment and Marboe would be in and out of the shop.  When Marboe was present, he would continue to make inappropriate remarks to and about Plaintiff and his race, color, and ethnicity.

14.

Plaintiff continued to tell Marboe to stop making the inappropriate remarks.  After Plaintiff threatened to go to Human Resources Marboe said he was just kidding.

15.

Plaintiff 's co-workers, including Terry Henkel, also began to make racial and ethnic comments to Plaintiff and often laugh about them, including but not limited to:

     a.     Did you bring your leaf blower today?

     b.     Are you afraid of being deported if Trump is elected?

     c.     How does the American flag make you feel?

d.      Does the American flag make you angry?

e.      Are you going to work on the Mexican wall?

f.      I am going to turn you in to the government to be deported.

g.      Your family is going to be deported.

16.

Plaintiff reported to management that he wanted a transfer or ROF due to the discrimination.  Plaintiff continued to have to work in the offensive work environment and the racial and ethnic jokes and comments continued.

17.

Plaintiff also informed his Union Steward of the hostile work environment and asked for a transfer or an ROF.

18.

On or about January 27, 2017, Plaintiff received an ROF and his employment with Defendant ended.

**First Claim For Relief**

**42 U.S.C.  §1981 – Discrimination and Harassment**

19.

Plaintiff realleges paragraphs 1 through 18.

20.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including its creation of and failure to prevent the racially hostile work environment, and terminating Plaintiff on the basis of his race in violation of 42 U.S.C. §1981.

21.

As a result of Defendant's unlawful discrimination, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial.

22.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C.  §1988.

23.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

24.

Defendant's conduct was willful, malicious and/or done with reckless indifference to plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

## Second Claim For Relief

### RCW Chapter 49.60 –Discrimination and Harassment

25.

Plaintiff realleges paragraphs 1 through 24.

26.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful racial discrimination in violation of Washington Law Against Discrimination, RCW Chapter 49.60.

27.

Defendant's transfer of Plaintiff and termination of Plaintiff were substantially motivated by Plaintiff's race and constitute unlawful race discrimination in violation of RCW Chapter 49.60.

28.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

29.

Plaintiff is entitled to recover his costs and attorney fees pursuant to RCW Chapter 49.60.

///

///

30.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

31.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

### Third Claim For Relief

### ORS 659A.030 - Discrimination and Harassment

32.

Plaintiff realleges paragraphs 1 through 31.

33.

Defendant's creation of, and/or failure to prevent, the racially hostile work environment for Plaintiff constitutes unlawful racial discrimination in violation of ORS 659A.030.

34.

Defendant's transfer of Plaintiff and termination of Plaintiff were substantially motivated by Plaintiff's race and constitute unlawful race discrimination in violation of ORS 659A.030.

35.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

36.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

37.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 659A.885.

38.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

**Fourth Claim For Relief**

**RCW Chapter 49.60– Retaliation**

39.

Plaintiff realleges paragraphs 1 through 38.

40.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated RCW Chapter 49.60.

41.

Defendant's transfer of Plaintiff, and termination of Plaintiff were motivated in substantial part due to his reporting and/or opposition to unlawful employment practices violating RCW Chapter 49.60.

42.

Plaintiff realleges his damages as stated in Paragraphs 28 through 31 above.

**Fifth Claim For Relief**

**ORS 659A.030 – Retaliation**

43.

Plaintiff realleges paragraphs 1 through 42.

44.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

45.

Defendant's transfers of Plaintiff, and termination of Plaintiff were motivated in substantial part due to his reporting and/or opposition to unlawful employment practices violating ORS 659A.030.

46.

Plaintiff realleges his damages as stated in Paragraphs 35 through 38 above.

## Sixth Claim For Relief
## 42 U.S.C.  §1981 – Retaliation

47.

Plaintiff realleges paragraphs 1 through 46.

48.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C.  §1981.

49.

Defendant's transfers of Plaintiff, and termination of Plaintiff were motivated in substantial part due to his reporting and/or opposition to unlawful employment practices violating 42 U.S.C.  §1981.

50.

Plaintiff realleges his damages as stated in Paragraphs 21 through 24 above.

## Seventh Claim For Relief

## Whistleblower Retaliation – ORS 659A.199

51.

Plaintiff realleges paragraphs 1 through 50 above as fully set forth herein.

52.

Defendant retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

53.

Plaintiff realleges his damages as stated in Paragraphs 35 through 38 above.

**Eighth Claim For Relief**

**(Wrongful Discharge in Violation of Public Policy)**

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

55.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

56.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States.

57.

Defendant, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff for invoking his rights and/or for opposing and/or making good faith complaints about unlawful conduct.

58.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

///

///

///

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney fees; and

6.    For such other and further relief as the Court may deem just and equitable.

 DATED this 24th day of January, 2018.


BAKER LAW PC


*s/ Aaron W. Baker*

Aaron W. Baker, OSB #922220
Ashley Bannon Moore, OSB #113219
Attorneys for Plaintiff